J.R. HOWELL (State Bar No. 268086)
jr@lojrh.com
LAW OFFICE OF J.R. HOWELL
2219 Main Street
Suite 436
Santa Monica, CA 90405
Tel: (323) 897-8656

ATTORNEY FOR PLAINTIFF,
JEFF GANAN AND THE PROPOSED CLASSES

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF GANAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-02968-VC<br><br>**PLAINTIFF JEFF GANAN'S BRIEF IN OPPOSITION TO PLAINTIFF FARRELL'S MOTION TO CONSOLIDATE AND MOTION TO APPOINT INTERIM CLASS COUNSEL** |

## INTRODUCTION

**Opposition to Consolidation.** In this matter with only two related cases, a coordinated case management schedule would be far more efficient than a consolidated docket. Full consolidation per Plaintiff Farrell's request would give him the anchor position for a materially broader litigation he did not plead, while risking the loss or dilution of Plaintiff Ganan's California Class (Farrell did not plead a California Class), federal ECPA theory, CIPA sections 631 and 638.51 theories, contract-based California choice-of-law allegations, and deeper technical investigation. Farrell has not shown that Rule 42 requires that result, and narrower coordination will preserve efficiency without prematurely flattening distinct class interests.

**Opposition to Appointment of Interim Class Counsel.** Farrell also has not shown that interim class counsel is necessary, much less that his counsel are best able to represent the

classes in general or Ganan's classes in particular—since Farrell did not plead them. Rule 23(g) asks comparative questions: who did the work, who understands the law, who pleaded the classes and claims actually before the Court, and who can protect absent class members. On this record, those questions do not support appointing Farrell's counsel to the exclusion of Howell.

## I. FARRELL FAILS TO SHOW THAT FULL CONSOLIDATION IS NECESSARY OR APPROPRIATE.

### A. Relation Already Captures the Principal Efficiency Benefits Farrell Invokes.

Farrell bears the burden to show that full consolidation is warranted. He has not carried it. The Court has already related the cases, which places both actions before this Court, eliminates the main risk of inconsistent rulings, and allows coordinated scheduling, preservation, Rule 12 practice, and discovery management. While Rule 42 permits discretionary consolidation typically seen in multiple party scenarios or multi-district litigation, the rule also provides narrower tools better suited to these two related cases. The rules do not require and Farrell does not attempt to justify why the Court should merge the cases, recaption the litigation under Farrell's docket, or force a consolidated pleading before the pleadings have been tested. *See* Fed. R. Civ. P. 42(a); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (recognizing that even in consolidated matters, the underlying cases do not lose their separate identities).

Yet, Farrell's consolidation motion is not limited to scheduling or coordinated briefing, but rather it asks the Court to make Farrell the practical center of the litigation before the Court has determined which claims, classes, and legal theories survive. Farrell's combined request for consolidation and exclusive interim appointment would effectively sideline Ganan's counsel from claims and classes Ganan originated, an unnecessary overreach when the Supreme Court has emphasized that consolidation is a tool of convenience and economy, not a device to

eliminate party rights or make one complaint the operative vehicle for all. *Hall v. Hall*, 584 U.S. 59, 71-75 (2018).

*1. <u>Farrell's Requested Merger Is Overbroad.</u>*

Farrell asks to consolidate Farrell and Ganan, sweep in future related actions filed in, removed to, or transferred to this Court, and recaption the litigation as "In re: LinkedIn Browser Extension Privacy Litigation" under Farrell's docket number. Farrell Mot. at 1-2; Proposed Order at 2. That is not a modest coordination request particularly where Farrell is attempting to install his case as the default anchor vehicle for a broader litigation that includes claims and classes Farrell did not plead.

*2. <u>The Pleadings Assert Materially Different Claims and Classes.</u>*

Ganan pleads both a Nationwide Class and a California Class. Ganan Compl. ¶¶ 138-139. Farrell pleads only a nationwide class. Ganan pleads claims under the federal Electronic Communications Privacy Act, California Penal Code section 631, California Penal Code sections 638.50 through 638.51, CDAFA, California constitutional privacy, and intrusion upon seclusion. Ganan Compl. ¶¶ 159-299. Farrell does not plead the same set of claims. Ganan also pleads LinkedIn User Agreement allegations concerning California choice of law, which may prove material to manageability, predominance, potential individualization arguments, and the trial plan. Ganan Compl. ¶¶ 106-113. Farrell did not plead the choice-of-law clause, despite alleging a nationwide class based on the extraterritorial application of California law to user-side privacy violations.

Those differences affect the motion to dismiss issues and potentially a motion to strike Farrell's class allegations, the governing law, the class structure, the remedial framework, and the interests of absent class members. Ganan's California Class is especially important because the challenged conduct is alleged to occur in users' browsers and on users' devices. That user-side

geography makes a nationwide California-law class vulnerable to choice-of-law and territorial objections. *See Mazza v. American Honda Motor Co*., 666 F.3d 581, 589-94 (9th Cir. 2012); *Zinser v. Accufix Research Institute, Inc*., 253 F.3d 1180, 1189-90 (9th Cir. 2001).

### B. <u>Full Consolidation Risks Flattening Distinct Class Interests Before the Court Knows Which Claims Survive.</u>

A consolidated complaint forces decisions about which claims and classes become operative and which are omitted or subordinated. That risk is acute here where Ganan asserts a California Class Farrell does not seek to represent, a federal ECPA claim Farrell does not plead, CIPA theories Farrell does not plead, and a contractual forum and choice-of-law structure Farrell did not develop.

The Federal Judicial Center cautions that consolidated complaints can streamline litigation, but also recognizes that plaintiff groups remain masters of their complaints and that case-management groupings need not correspond precisely to proposed classes. It further recognizes that where putative class interests differ, fair and adequate representation may require separate counsel for separate groups. Managing Related Proposed Class Actions in Multidistrict Litigation at 3, 8-9. Those cautions fit this case where Farrell seeks to eliminate all other Plaintiffs' counsel from decisionmaking. By contrast, relation and coordination preserve efficiency where forced consolidation on the terms Farrell requests risks prematurely erasing important differences among the two different legal theories.

#### 1. *<u>Farrell's Nationwide California-Law Theory Is Vulnerable on Its Own Terms.</u>*

Farrell alleges a nationwide class while asserting California state-law claims arising from alleged browser-side scans of users' devices. Farrell Mot. at 1-2; Farrell Compl. ¶¶ 11, 13, 17. Farrell does not plead a California subclass, a federal nationwide statutory claim, or an alternative structure that accounts for non-California users. Those omissions are material under

*Mazza* and *Zinser*. This Court has also recognized territorial limits on CDAFA and CIPA claims where the alleged browsing activity and interception occurred outside California. *Lineberry v. AddShopper, Inc.*, No. 23-cv-01333-VC, 2025 WL 551864, at *4-*5 (N.D. Cal. Feb. 19, 2025).

Ganan addressed that problem. Ganan pleads a federal ECPA claim for nationwide relief, a California Class for California-law relief, and contractual California choice-of-law and Santa Clara County forum-selection allegations. Ganan Compl. ¶¶ 106-113, 138-139, 159-299. Farrell has not shown why the Court should consolidate the broader and more carefully structured Ganan claims into Farrell's more vulnerable framework.

### C. <u>Narrower Coordination Would Preserve Efficiency Without Prejudicing Distinct Claims or Classes</u>.

If the Court believes additional coordination is warranted, it can order coordinated schedules, coordinated Rule 12 briefing, preservation protocols, ESI coordination, shared nonparty discovery management, or joint hearings on overlapping issues. Those tools provide the benefits Farrell identifies without merging materially different cases or prejudging which class structure should lead the litigation, if any. *See* Fed. R. Civ. P. 42(a)(1), (3).

That middle path is especially sensible now. LinkedIn has not yet tested either complaint under Rule 12. Early motion practice may narrow, clarify, or separate the claims. Once that occurs, the Court will have a better record to decide whether consolidation, a consolidated complaint, subclasses, or any leadership structure is needed. Until then, Farrell has not shown that full consolidation is necessary or appropriate.

## II. <u>FARRELL FAILS TO SHOW THAT APPOINTMENT OF INTERIM CLASS COUNSEL IS NECESSARY</u>.

### A. <u>Rule 23(g)(3) Requires a Showing of Necessity, Which Farrell Has Not Made.</u>

Rule 23(g)(3) provides that the Court "may" designate interim counsel before certification where, as the advisory committee notes explain, "necessary to protect the interests

of the putative class." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. Farrell has not shown such necessity. In fact, as Farrell does not plead the classes that Ganan seeks to represent, it is necessary that Ganan's counsel remain to advocate for their interests.

Courts in this District have denied interim-counsel applications where no special circumstances required appointment at that stage. *See In re Seagate Technology LLC Litigation*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). The *TopDevz* court did the same in related LinkedIn litigation, denying without prejudice a motion to appoint interim co-lead class counsel because special circumstances did not yet warrant appointment. *TopDevz, LLC v. LinkedIn Corp.*, No. 5:20-cv-08324-SVK, Dkt. 68 at 2-3 (N.D. Cal. Apr. 23, 2021). Farrell has not pointed to any other pending cases that would relate to his case nor has he shown "a gaggle of law firms jockeying to be appointed class counsel." *Parrish v. Nat'l Football League Players Inc.*, No. C07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007).

Farrell's motion as to interim class counsel should be denied if for no other reason its failure to prove necessity.

### B. Farrell Has Not Shown That Interim Control Is Needed Before the Pleadings Are Tested.

No settlement is pending. No class notice needs to issue. No consolidated discovery plan requires a single voice today. No absent class right will be lost if the Court coordinates the related actions without appointing Farrell's counsel as interim leaders to the exclusion of Ganan's counsel. The principal work immediately ahead is pleading-stage litigation, preservation, and early discovery planning. Those tasks can be coordinated by order or meet-and-confer without giving one plaintiff's narrower case control over another plaintiff's broader claims and class structure.

Farrell's motion therefore skips the threshold question. Before comparing counsel, the Court should ask whether an interim appointment is necessary at all. On this record, Farrell has not shown that it is.

## III. FARRELL FAILS TO SHOW THAT HIS COUNSEL ARE BEST SUITED TO REPRESENT GANAN'S CLASSES.

### A. The Comparative Rule 23(g) Factors Favor Howell's Investigation, Legal Theories, and Subject-Matter Work.

Even if some interim designation were necessary, Farrell has not shown that Drury and Arisohn are the applicants "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Rule 23(g) directs the Court to consider the work counsel has done in identifying or investigating potential claims, counsel's experience in handling class actions and similar complex litigation, counsel's knowledge of the applicable law, and the resources counsel will commit. Fed. R. Civ. P. 23(g)(1)(A).

#### 1. *Ganan's Investigation Was Broader and More Direct.*

Howell did not merely draft a complaint from public reporting, as appears to be the case from Farrell's complaint which cited liberally to public articles based on press releases from Ganan's team. Ganan's counsel personally investigated LinkedIn's browser-extension probing, Spectroscopy DOM scanning, APFC and DNA fingerprinting, encrypted telemetry, apfcDfPK, globalThis.apfcDf, SyncCollectionHandler, session-linked reuse, feature flags including sync.apfc.headers and pemberly.tracking.apfc.network.interceptor, the hidden iframe at li.protechts.net, merchantpool1.linkedin.com, and related third-party auxiliary-channel allegations. Howell Decl. ¶¶ 7-8, 11-12. Ganan's counsel worked with representative inspected builds and representative rebuilds, consulted with a cybersecurity consultancy before filing, and evaluated the contract, choice-of-law, and forum-selection architecture. *Id*. ¶¶ 13-16.

Farrell's own declarations describe a thinner prefiling record: reading the reports and articles based on materials from Ganan's team, reviewing publicly available code, interviewing putative class members, and conducting legal research. Drury Decl. ¶ 4; Arisohn Decl. ¶¶ 4-6. Those steps do not match Howell's technical investigation, third-party integration work, telemetry analysis, representative-build review, or development of the California Class and federal statutory legal theories.

2. *Howell's Role in Fairlinked and Browsergate Makes Farrell's Derivative Reliance Relevant to Rule 23(g).*

Farrell's complaint cites liberally to a report issued by a group referred to as Browsergate. Browsergate states in its public materials that it is coordinating with Howell's office. Howell Decl. ¶¶ 23, 26 & Ex. A. Browsergate is the name of the public campaign concerning the challenged LinkedIn conduct resulting from an investigation by Fairlinked e.V., a trade association of more than 100 technology companies and founders from approximately 15 countries that develop software for LinkedIn systems. Howell serves as American counsel for Fairlinked. Howell Decl. ¶¶ 20-22. Howell's work with Fairlinked and Browsergate occurred before the Ganan complaint was filed and gave him access to technical information, experts, industry context, and subject-matter expertise relevant to the claims. *Id.* ¶¶ 23-24. That background helps explain why Ganan pleads technical observations and statutory theories Farrell omitted.

Before the Ganan and Farrell complaints were filed, Ganan's team distributed press releases concerning what has been referred to as the Browsergate report. The articles and reports that Farrell says he researched prior to filing his complaint were based on those materials and the Browsergate report itself. Farrell's complaint appears materially to rely on the materials derived from or originally generated by Ganan's team. Howell Decl. ¶¶ 17, 19, 23-24. Farrell asks the

Court to appoint his counsel to the exclusion of the lawyer whose team generated the materials on which Farrell appears to have relied.

**B. <u>Farrell Did Not Plead the Full Case Actually Before the Court.</u>**

Farrell seeks interim control over claims and classes Farrell did not plead. Ganan pleads a California Class; Farrell does not. Ganan pleads ECPA, CIPA section 631, CIPA sections 638.50 through 638.51, CDAFA, California constitutional privacy, and intrusion; Farrell does not plead the same set of claims. Ganan pleads contract-based California choice-of-law and Santa Clara County forum-selection allegations; Farrell does not. Ganan Compl. ¶¶ 106-113, 138-139, 159-299; Howell Decl. ¶¶ 9,15-16, 28-29, 60.

Those omissions are material to adequacy and typicality. Farrell and his counsel are not adequate to represent the Ganan classes that Farrell omitted to plead. While Farrell may pursue his individual claims, he has not shown that he is typical of, or adequate to represent, the broader classes Ganan pleads, including a California Class and federal nationwide claim. Nor has he shown that counsel who omitted those claims and classes should control them to the exclusion of Howell.

*1. <u>Farrell's Pleaded Nationwide Class Is Likely to Face Serious Certification and Territorial Challenges.</u>*

Farrell's only pleaded class is nationwide, but his claims are California state-law claims based on alleged scans of user browsers and devices wherever those users are located. That creates predictable certification problems under *Mazza* and *Zinser* and territorial problems under *Lineberry*. Farrell's motion does not solve those problems. It ignores them.

Ganan's complaint is materially different. It pleads a federal ECPA claim for nationwide relief and a California Class for California-law claims, while preserving California choice-of-law and forum allegations. Whether every Ganan theory survives is a merits question for another day.

For Rule 23(g), the point is comparative: Howell investigated and pleaded the structure needed to protect both nationwide and California interests. Farrell's counsel did not.

2. *Broader Pleading and More Complete Claim Development Are Relevant to Interim Leadership.*

Courts recognize that broader and more comprehensive pleading can be relevant when selecting interim leaders. In *Hodges v. Bon Secours Health System, Inc.*, the court selected one plaintiff group's counsel in part because that complaint asserted causes of action and civil-penalty claims not raised in the competing complaint, providing "more comprehensive protection" for the plaintiff and class. Nos. RDB-16-1079, RDB-16-1150, 2016 WL 4447047, at *2 (D. Md. Aug. 24, 2016). The decision is persuasive, not controlling in this jurisdiction, but its reasoning tracks Rule 23(g): omitted claims and omitted class-protection architecture are relevant to who can best represent absent class members. If interim class counsel must be appointed, it is not the counsel who alleged the narrower complaint.

**C. Farrell's Proposed Fee and Governance Structure Raises Judgment and Adequacy Concerns.**

The agreement proposed by Farrell's counsel prior to the filing of the instant motion is relevant to the Rule 23(g) analysis.

1. *Farrell's Counsel Proposed Control and Fee Terms That Did Not Reflect the Distinct Claims and Work Performed.*

After related-case discussions began, Farrell's counsel proposed a Joint Prosecution and Attorney Fee Agreement. Ganan's counsel was told that if he did not agree to the terms proposed, Farrell's counsel would file a motion seeking to appoint themselves as sole interim class counsel.

The agreement, attached to the Howell Declaration as Exhibit B, called for a blanket fee allocation of 40% of any fee to Arisohn, 40% to Drury, and 20% to Howell, without regard to work performed. Howell Decl. ¶¶ 49-51 & Ex. B. The proposal called for majority-vote

decisionmaking among the three firms and contemplated a later joint motion to appoint all three firms as co-lead class counsel. *Id*. ¶¶ 52-53. The proposed agreement did not include any provision requiring disclosure of the fee allocation to clients or the Court. *Id*. ¶ 54.

*i. The Proposal Followed a Suggestion That One Case Might Be Dismissed.*

During the preceding conversation, Farrell's counsel suggested dismissing one of the two cases to streamline the litigation. Howell Decl. ¶ 48. That suggestion raised concerns because the cases plead materially different claims and classes, including Ganan's California Class, particularly in light of the voting structure that the draft agreement proposed. *Id*. Howell questioned both the proposed fee split and decisionmaking structure in light of those differences. *Id*. ¶¶ 55-56.

*ii. Farrell's Counsel Then Warned of an Exclusive Appointment via Rule 23(g) Motion if Howell Did Not Agree.*

After Howell objected, Arisohn stated words to the effect that if Howell did not agree to the proposed arrangement, Farrell's counsel would file a Rule 23(g) motion seeking appointment of themselves. Howell Decl. ¶ 57.

Ganan does not ask the Court to decide collateral ethics issues. But the facts bear on judgment, adequacy, and whether Farrell's counsel have approached the case in a manner focused on absent class interests rather than control and attorney fee outcomes.

*2. The Motion Papers Do Not Make the Accurate, Record-Grounded Showing Required for Exclusive Interim Control.*

Farrell's motion papers also contain several record inaccuracies and drafting errors that do not support the careful, record-grounded showing required for exclusive interim control. These errors are not dispositive, but neither do they support Farrell's burden to show that his

counsel should be given exclusive interim control over broader claims and classes they did not plead.

### D. At Minimum, Farrell Has Not Shown Why Howell Should Be Excluded From Leadership Over Claims and Classes He Originated or Developed.

If the Court determines that some interim structure is necessary, it should not appoint Farrell's two-firm team to the exclusion of Ganan's representation. The interests represented in Ganan are not identical to those represented in Farrell. Ganan's California Class, federal nationwide theory, state law theories, and contract allegations require protection. Rule 23(g)(4) requires class counsel to fairly and adequately represent the interests of the class, and Rule 23(c)(5) recognizes that subclasses may be necessary where interests differ. Fed. R. Civ. P. 23(c)(5), 23(g)(4); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-28 (1997).

The Court need not decide an ultimate leadership structure now. But Farrell has not shown that Howell should be excluded from leadership over the claims, classes, and investigation he originated or materially developed.

## IV. CONCLUSION: THE COURT SHOULD DENY FARRELL'S MOTION OR ADOPT ONLY NARROWER COORDINATION.

### A. Farrell Fails to Carry His Burden on Consolidation.

The Court should deny full consolidation. Relation already captures the principal efficiency benefits. Full consolidation would add risk, not efficiency, by forcing premature decisions about consolidated pleading, class architecture, and claim selection. If the Court believes more coordination is needed, it can order coordinated scheduling, preservation, ESI, Rule 12 briefing, or discovery management without merging the actions.

### B. Farrell Fails to Carry His Burden on Interim Class Counsel.

The Court should also deny Farrell's request to appoint Drury and Arisohn as interim co-lead counsel to the exclusion of Howell. Farrell has not shown interim appointment is necessary,

and he has not shown that his counsel are best able to represent the broader interests now before the Court. If the Court later decides a leadership structure is necessary, any structure should reflect the work actually performed, the distinct claims and classes pleaded, and the need to protect both the Nationwide Class and the California Class.

### C. Farrell's Motion Should Be Denied Without Prejudice to Later Case-Management Orders if Needed.

The most prudent course is to deny Farrell's motion now and preserve flexibility. The Court can revisit consolidation, a consolidated complaint, subclasses, or leadership after the pleadings are tested and after the parties develop a more concrete record regarding overlapping discovery, class structure, and the surviving claims. That approach protects efficiency without prematurely rewarding a narrower pleading and without excluding the counsel who investigated and pleaded the broader case.

Respectfully submitted,

J.R. HOWELL,
LAW OFFICE OF J.R. HOWELL

Date: June 4, 2026

By: /s/
J.R. Howell (State Bar No. 268086)
*Attorney for Plaintiff, Jeff Ganan and the Proposed Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on June 4, 2026. I further certify that Counsel for Defendant, LinkedIn Corporation, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Counsel for Plaintiff Farrell are served via email using the email addresses registered with the CM/ECF system below:

Joshua D. Arisohn, Esq.
Email: josh@arisohnllc.com

Nithin Kumar, Esq.
Email: nithin@kingfisherlawapc.com

Scott Robert Drury, Esq.
Email: scott@drurylegal.com

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 4, 2026.

*/s/ J.R. Howell*
J.R. Howell (Cal. Bar No. 268086)