COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
NATALIE PEELISH (*Appearance Pro Hac Vice)*
(npeelish@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101-1355
Telephone: +1 206 452 8700
Facsimile: +1 206 452 8800

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS FARRELL, individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

JEFF GANAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

Related Cases:
No. 3:26-cv-02953-VC
No. 3:26-cv-02968-VC

**DEFENDANT LINKEDIN CORPORATION'S REPLY IN SUPPORT OF ITS REQUEST FOR INCORPORATION BY REFERENCE AND/OR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Date: September 3, 2026
Time: 10:00 a.m.
Location: Courtroom 3, 17th Floor
Judge: Honorable Vincent Chhabria

Date Action Filed: April 6, 2026

## I. INTRODUCTION

In connection with its Motion to Dismiss the Farrell and Ganan Complaints (ECF 29), LinkedIn asked the Court to incorporate by reference and/or notice nine documents, including the Browsergate website on which both complaints are based, various publicly-available webpages, and a certified translation of a German court decision. Plaintiff Farrell did not oppose LinkedIn's Request. Plaintiff Ganan, however, filed a response that parrots his merits arguments in response to LinkedIn's Motion and injects arguments about LinkedIn's Rule 12(b)(1) factual attack and documents not subject to LinkedIn's Request. Because none of these documents is subject to reasonable dispute and because they are appropriate for incorporation by reference and/or judicial notice, the Court should grant LinkedIn's request.

## II. ARGUMENT

Ganan's fourteen-page opposition to a perfunctory request for judicial notice and incorporation by reference is, by its own admission, attorney argument about consent, HUMAN's data handling, the meaning of a German judgment, the completeness of a vendor contract (that was not even part of LinkedIn's request), and whether certain browser extensions reveal protected characteristics. *See, e.g.*, Opp. 7-17. This effort appears to be an attempt to circumvent the page limit to Ganan's Opposition to LinkedIn's Motion, and none of it belongs here.[1] An opposition to a request for judicial notice tests whether the Court may look at a document, not whether it helps or hurts Ganan's case or whether LinkedIn's merits arguments are correct.

### A. Exhibits 1-4 are incorporated by reference into Ganan's complaint.

LinkedIn asks the Court to incorporate by reference four documents on which Ganan's complaint clearly relies: The Browsergate website (Ex. 1), LinkedIn's User Agreement (Ex. 2), LinkedIn's Privacy Policy (Ex. 3), and LinkedIn's Cookies Policy (Ex. 4).[2]

---

[1] Tellingly, Ganan dedicates more space to his argument that a factual dispute exists in this Opposition to LinkedIn's Request than he does in his Opposition to LinkedIn's Motion to Dismiss.
[2] All numbered exhibits refer to those attached to the Declaration of Natalie Peelish in Support of LinkedIn's Request for Incorporation by Reference and/or Judicial Notice, ECF 30-1.

Despite mirroring the allegations in the Browsergate website and conceding cooperation with BrowserGate's publisher FairLinked in litigating this case, *see* Req. 4, Ganan now duplicitously seeks to dispute that his complaint is based or relies upon the Browsergate investigation website. This, even where the Browsergate website itself contains a press release announcing the filing of Ganan's complaint, Ex. 1 at 39-40, and where Ganan's counsel told the Court that "Browsergate is Fairlinked e.V.'s investigation and public campaign concerning the challenged LinkedIn conduct," he "serve[s] as American counsel for Fairlinked e.V.," and his "involvement with Fairlinked e.V. and individuals and entities associated with those efforts gave [him] access to technical information, experts, industry context, and subject-matter expertise relevant to the challenged conduct alleged in Ganan." Howell Decl. ISO Opp. to Farrell's Mot. to Consolidate ¶¶ 20, 22-24, ECF 25-2.

The purpose of the incorporation-by-reference doctrine is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"—i.e., the Browsergate "investigation" here. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*. If, at argument, Ganan represents to the Court that no part of his complaint relied upon the Browsergate investigation website, LinkedIn will consider that representation accordingly.[3]

As for whether LinkedIn's User Agreement and policies (Exs. 2-4) are incorporated by reference, Ganan has no answer. Opp. 4. Rather than engage with that narrow question, Ganan instead squabbles with the merits of LinkedIn's consent defense. That is not at issue in LinkedIn's Request, and because there is no dispute that these policies are clearly referenced and relied upon in Ganan's complaint, Compl. ¶¶ 18-19, 121, 123-24, the Court should grant LinkedIn's Request.

---

[3] Contrary to Ganan's representation, Opp. 4-5, LinkedIn does not ask the Court to take judicial notice of the Browsergate website, Ex. 1.

**B. Exhibits 2-8 are judicially noticeable as publicly accessible websites.**

Courts throughout this District regularly take judicial notice of publicly accessible websites, including terms of service and privacy policies (Exs. 2-4)[4] and public webpages that are not subject to reasonable dispute (Exs. 5-8). *See* Req. 5-6 (collecting cases); *see also Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.") (collecting cases). This is hardly a controversial proposition. And Ganan does not offer a single legal reason why these publicly available webpages are not noticeable.

Ganan's objection, rather, seems to be based on his concern that the Court will peer into his linkages to the actors behind the Browsergate website–Teamfluence and Fairlinked.[5] *See* Opp. 5-6 (objecting to LinkedIn's request for judicial notice of Exhibits 5-6, public webpages for Teamfluence and Fairlinked). But Ganan has already put those linkages before the Court, openly proclaiming that he is "American counsel for Fairlinked e.V." and that "Browsergate coordinates with my office." *See supra*. While Ganan may now regret his decision to tout his connections, that has no bearing on whether the webpages are judicially noticeable.

As for the exemplar Chrome extension webpages that LinkedIn submitted, Ex. 7 (PordaAI extension webpage) and Ex. 8 (Anti-woke extension webpage), Ganan concedes that they are "noticeable at most for the fact that the listings displayed certain text." Opp. 6. That is all LinkedIn requests.

Regarding the policies (Exs. 2-4), these policies are clearly incorporated by reference into Ganan's complaint, *see supra*; and Ganan's nearly three-page opposition to LinkedIn's Request for Judicial Notice is nothing more than a redux of his arguments regarding consent. Those merits arguments have no place in his Opposition to LinkedIn's Request for Judicial Notice, and are appropriately dealt with in LinkedIn's concurrently-filed Reply in Support of its Motion to

[4] Because LinkedIn's terms and policies (Exhibits 2-4) are incorporated by reference, the Court may consider their contents in their entirety as part of the allegations.

[5] As explained in LinkedIn's Motion to Dismiss, the founder of Teamfluence sits on Fairlinked's board. Mot. 2.

Dismiss. Indeed, Ganan has no leg to stand on when courts regularly take judicial notice of publicly accessible policies and terms of service. *See supra*.

**C. Exhibit 9 is judicially noticeable as a foreign court document.**

Ganan agrees that the Court may take notice of the fact that the German proceeding occurred, that a preliminary ruling issued on March 11, 2026, and that an appeal is pending. Opp. 6-7. Not even Ganan can dispute (and it is readily determinable from the face of Exhibit 9), that the proceeding involved a dispute between Teamfluence and LinkedIn, and that the German tribunal found in favor of LinkedIn. (LinkedIn readily acknowledges that this is a preliminary decision that Teamfluence now appeals.) Ganan's evidentiary objections do not stand where courts regularly take judicial notice of foreign court proceedings, Req. 6-7 (collecting cases), especially where, as here, they are accompanied by certified translations, *see Luxpro Corp. v. Apple Inc.*, 2011 WL 1086027, at *3 (N.D. Cal. Mar. 24, 2011). And Ganan's claim that the German proceeding is irrelevant to the case at issue is puzzling when the founder of Teamfluence is working directly with Ganan's counsel to prosecute this case.

*****

Finally, Ganan challenges LinkedIn's submission of the Seymour Declaration, and Exhibit A thereto, LinkedIn's Data Processing Agreement with HUMAN, ECF 29-1 & 2. Those materials, as Ganan concedes, are outside the scope of LinkedIn's Request for Incorporation by Reference and Judicial Notice. Opp. 10 ("The Seymour Declaration and the DPA travel outside the Request entirely."). LinkedIn respectfully requests that the Court disregard and/or strike Ganan's three pages of merits arguments that he inappropriately injected into his Opposition to LinkedIn's Request.

## III. CONCLUSION

For the foregoing reasons, and those set forth in LinkedIn's original Request, LinkedIn respectfully requests that the Court grant the Request for Incorporation by Reference and/or Judicial Notice as to Exhibits 1 through 9.

Dated: August 18, 2026

COOLEY LLP

By: */s/ Simona Agnolucci*
Simona Agnolucci
Eduardo Santacana
Natalie Peelish (A*ppearance Pro Hac Vice*)

Attorneys for Defendant
LINKEDIN CORPORATION

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 18, 2026

COOLEY LLP

By: */s/ Eduardo Santacana*
Eduardo Santacana

Attorney for Defendant
LINKEDIN CORPORATION