COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
NATALIE PEELISH (*Appearance Pro Hac Vice)*
(npeelish@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101-1355
Telephone: +1 206 452 8700
Facsimile: +1 206 452 8800

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS FARRELL, individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

JEFF GANAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

Related Cases:
No. 3:26-cv-02953-VC
No. 3:26-cv-02968-VC

**DEFENDANT LINKEDIN CORPORATION'S OPPOSITION TO PLAINTIFF GANAN'S REQUEST FOR JUDICIAL NOTICE**

Date: September 3, 2026
Time: 10:00 a.m.
Location: Courtroom 3, 17th Floor
Judge: Honorable Vincent Chhabria

Date Action Filed: April 6, 2026

## I. INTRODUCTION

The Court should deny Plaintiff Jeff Ganan's Request for Judicial Notice, ECF No. 34. This backdoor evidentiary bid results from a misguided interpretation of relevant legal standards. Lodging nearly three dozen academic and scientific articles—without making any effort to demonstrate that they derive from reliable or generally accepted sources—is not the proper response to a Rule 12(b)(1) or 12(b)(6) motion. Nor is a request for judicial notice the place for striving to generate a material dispute of fact. Competent proof means something that could stand up in court, like a sworn declaration. These exhibits do not meet the mark.

## II. ARGUMENT

Under Rule 201(b), courts may judicially notice a fact "that is not subject to reasonable dispute." This universe of noticeable documents "is a narrow category that includes only those facts that are 'generally known' within the jurisdiction or that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Christian v. Rancho Grande Manufactured Home Cmty.*, 2022 WL 2206899, at *1 (N.D. Cal. 2022) (Chhabria, J.) (quoting Fed. R. Evid. 201(b)).

### A. Ganan cannot generate a dispute of fact via his Request for Judicial Notice.

LinkedIn opposes Ganan's underhanded attempt to use his Request for Judicial Notice to generate a factual dispute in response to LinkedIn's Rule 12(b)(1) motion. The Request is an unbridled and inappropriate effort to circumvent the page limits that the Court imposed on Ganan's Opposition brief, *see* Minute Entry, 3:26-cv-02953-VC, ECF No. 38 (setting page limit for opposition briefs to 20 pages), and should be disregarded here.

This sort of end-run is not allowed. A "[p]laintiff cannot use a request for judicial notice of the fact that publications have published material as a backdoor avenue for introducing evidence of the facts themselves." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1088 (N.D. Cal. 2017). Ganan, for his part, disclaims trying to notice these documents for their truth. Req. 4 ("Ganan's request honors that limit" and "does not ask the Court to find that fingerprinting identified him[.]"). Yet Ganan's papers repeatedly—and improperly—invoke the exhibits'

contents as reason to find a factual dispute. *See, e.g.*, *id.* 7 (arguing that "[w]hether detection reflects developer choice or a documented vulnerability class is genuinely disputed," based on the contents of Exhibit F); 9 (arguing that Exhibit L shows a genuine dispute over the degree to which browser signals are passively exposed or "extracted"); 10 (arguing that Exhibit Z shows a genuine dispute over whether Ganan's data carries commercial value). He cannot have it both ways.

In any event, none of the materials Ganan supplied constitutes the type of "competent proof" that is required to generate a factual dispute. As explained in LinkedIn's concurrently filed Reply in Support of its Motion to Dismiss, LinkedIn's 12(b)(1) factual standing attack invites applying a summary judgment standard with respect to whether Ganan has suffered any harm; importantly, in determining whether any factual dispute exists, the Court may look only to "competent proof" submitted by the parties. Reply 2-3 (citing, *inter alia*, *Sarayli v. Huel, Ltd.*, 2026 WL 821091, at *2 (N.D. Cal. 2026)).

Ganan knows he needs this "competent proof of his own," s*ee* Req. 1, 15 (claiming his exhibits are "exactly such [competent] proof"), and seems to think he can contest LinkedIn's factual attack by attaching reams of random articles to generate a material dispute. But he overlooks his burden to show "appropriate proof." *See Found. Against Intolerance and Racism, Inc. v. Walker*, 2025 WL 1756875, at *5 (W.D. Wash. 2025). A party cannot cite "literature that is not supported by retained experts" to manufacture a genuine issue of material fact. *See Bowers v. United States*, 2025 WL 1462543, at *2 n.2 (E.D. Mich. 2025); *see also Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355, 1364 (Fed. Cir. 2010) ("[a]n unsupported opinion … cannot and does not create a genuine issue of material fact[.]"); *Tri Union Frozen Prods., Inc. v. United States*, 161 F. Supp. 3d 1333, 1337 (Ct. Int'l Trade 2016) ("academic materials are also not the proper subject of judicial notice"). As noted *supra*, "nowhere does [Plaintiff] address th[e] standard and explain why the information from the academic materials is not reasonably subject to dispute." *Tri Union Frozen Prods.*, 161 F. Supp. 3d at 1338.[1]

[1] Ganan seeks to contest the adequacy of LinkedIn's privacy policies and related disclosures and requests judicial notice of various articles accordingly. *See* Req. 13-14. But that request should

Just like in *Tri Union Frozen Products*, Ganan "does not seek to have the court take notice of the fact that the academic articles were written" but rather "wishes to have the information from th[e]se materials judicially noticed for the truth of the statements contained within for the court to consider." *Id.* Yet he "has failed to put forth any showing that the truth of the information from these materials is indisputable." *Id.* His effort to generate a fact dispute with incompetent proof must therefore be denied.

**B. LinkedIn does not object to the Court noticing Exhibits A, B, C, and D.**

Exhibits A through D are copies of webpages published by Google or Mozilla. LinkedIn does not object to the Court noticing the existence of these webpages. Like Exhibits 5 through 8 that LinkedIn submitted in its own Request for Incorporation by Reference and/or Judicial Notice, *see* ECF Nos. 30-6 through 30-9, these documents are noticeable because their legitimacy can be accurately and readily determined from the webpages themselves, and because those webpages are sources whose accuracy cannot reasonably be questioned. To be sure, the Mozilla page (Exhibit D) is irrelevant to this case about *Chrome* browsers. Compl. ¶¶ 138-39 (defining proposed classes as limited to "Chrome browser users").

LinkedIn does not oppose Ganan's request to notice these documents for their existence. If Ganan seeks to have them noticed for the truth of their contents, the request is inappropriate. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

**C. Ganan's remaining exhibits flunk the Rule 201 standard.**

LinkedIn objects to the Court's taking judicial notice of Ganan's 34 other exhibits, which include 33 articles or surveys and 1 government report; none satisfy the Rule 201 standard. At the outset, Ganan does not even attempt to argue that the existence of these documents—comprising over 700 pages of theoretical treatises, scientific presentations, and academic analyses—is generally known within the Northern District of California, as would be required by Rule

be ignored where LinkedIn's consent argument relies on Rule 12(b)(6), testing the sufficiency of the as-pleaded allegations in the complaint—*not* inviting extrinsic evidence.

201(b)(1). Instead, he stakes his request on an unsupported theory that the existence of these documents can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under Rule 201(b)(2). *See* Req. 2 (invoking only that prong of the Rule).

Nothing Ganan argues can prop up his argument. First, he suggests courts in this District take notice of publications like his reports and articles to see "what was in the public realm at the time, not whether the contents of those articles were in fact true." Req. 3 (citing *Von Saher*, 592 F.3d at 960). His authorities, however, concern webpages or government publications—he provides no caselaw for the premise that courts routinely notice symposium articles and law review think-pieces of the ilk he submits here.[2]

Courts regularly deny requests to notice exhibits like Ganan's. *See O'Banion v. Select Portfolio Servs., Inc.*, 2011 WL 13070668, at *3 (D. Idaho 2011) ("Judicial notice is proper for 'adjudicative facts,' not for **law journals**.") (emphasis added) (citing Fed. R. Evid. 201(a)); *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 278 (S.D.N.Y. 2013) ("It does not appear, however, that the **article** is relevant apart from its truth, so I will disregard it.") (emphasis added); *Christian*, 2022 WL 2206899, at *1 (refusing to notice documents that "do not come from sources whose accuracy cannot reasonably be questioned").

**D. Ganan's exhibits do not contain legislative facts relevant to this litigation.**

Ganan's alternative argument—that his academic articles contain "legislative-fact material" (Req. 3)—is absurd. He offers two authorities for the premise that his exhibits could be viewed as containing legislative facts, but neither one gets him very far. In the first, the Ninth Circuit recognized that "[d]iabetes is a common yet serious illness that can produce harmful consequences if left untreated for even a relatively short period of time," relying on a government

[2] Ganan's ***one*** government report (Exhibit GG) should not be noticed. *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 962 (W.D. Wash. 2022) (declining to notice FTC report because it was "irrelevant and not needed to resolve the motion[]"). LinkedIn is uncertain why a nearly decade-old FTC staff report on "Cross-Device Tracking," which makes no mention of browser extensions, is relevant to any argument in this case, which does not concern cross-device tracking. Thus, like his other exhibits, Exhibit GG will hardly aid the Court's assessment of Ganan's standing or the plausibility of his allegations.

website and a textbook called "Diabetes in America." *See Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). In stating that "[w]ell-known medical facts are the types of matters of which judicial notice may be taken," *id.* (citation omitted), the court did not speak to all manner of academic articles and surveys—nor to the topic of legislative facts at all. *Id.* Ganan's other authority, *United States v. Gould*, 536 F.2d 216, 219-21 (8th Cir. 1976) is even more inapt. In that nonbinding decision, the Eighth Circuit panel noted that "legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally." *Id.* It then observed that cocaine is derived from the coca leaf. *Id.* How this could possibly support noticing the 33 extraneous articles attached to his request, Ganan doesn't say. At bottom, none of the conclusions he urges the court to glean from his exhibits amount to universal truths. *Id.*

## III. CONCLUSION

For the foregoing reasons, LinkedIn opposes Ganan's Request for Judicial Notice except as to Exhibits A, B, C, and D. If the Court notices any of the documents, it should not notice the truth of their contents—only that they exist on the Internet.

Dated: August 18, 2026 COOLEY LLP

By: */s/ Simona Agnolucci*
Simona Agnolucci
Eduardo Santacana
Natalie Peelish (A*ppearance Pro Hac Vice)*

Attorneys for Defendant
LINKEDIN CORPORATION

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 18, 2026

COOLEY LLP

By: */s/ Eduardo Santacana*
Eduardo Santacana

Attorney for Defendant
LINKEDIN CORPORATION