UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS FARRELL,<br>Plaintiff,<br>v.<br>LINKEDIN CORPORATION,<br>Defendant. | Case No. 26-cv-02953-VC |
| JEFF GANAN,<br>Plaintiff,<br>v.<br>LINKEDIN CORPORATION,<br>Defendant. | Case No. 26-cv-02968-VC<br><br>**ORDER GRANTING LINKEDIN'S MOTIONS TO DISMISS; DENYING AS MOOT THE MOTION TO CONSOLIDATE** |

LinkedIn's motions to dismiss in both the *Farrell* case (Dkt. No. 39) and the *Ganan* case (Dkt. No. 29) are granted, as both plaintiffs fail to adequately allege standing. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

The plaintiffs do not satisfy the injury-in-fact requirement because neither alleges that they, specifically, had browser extensions installed that conveyed private information to LinkedIn. Ganan never alleges that he had any extensions installed at all. *See* Ganan Compl. ¶ 50. Farrell alleges that he "has long had several browser extensions installed," and that, in general, browser extensions "often reveal sensitive private information about its users," but he never alleges that one of his own browser extensions revealed such information. Farrell Compl.

¶¶ 5, 13. These allegations are insufficient to confer standing because only "those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Identifying categories of private information that hypothetically could be revealed by surveillance of browser extensions is not enough to allege standing "particularized to a plaintiff's circumstances" as *TransUnion* requires. *Popa v. Microsoft Corp.*, 153 F. 4th 784, 791 (9th Cir. 2025). A complaint cannot rely on "potential harms that *might* be associated" with a defendant's software; it must include "allegations plausibly linking these potential, generalized harms" to the operation of the software "vis-à-vis" the plaintiff. *Id.* at 791 n.5; *see also Del Salto v. Auction.com, LLC*, 2026 WL 2519526, at *2 (N.D. Cal. Aug. 26, 2026); *Mitchener v. CuriosityStream, Inc.*, 815 F.Supp.3d 845, 851 (N.D. Cal. 2025).

In response, Ganan argues that that the harm here is "the unpermitted probe, not its yield." Ganan Opp. at 9. That theory of injury fails as well. Even pre-*TransUnion*, the Ninth Circuit recognized that in the Internet privacy context, "*both* the nature of collection and the sensitivity of the collected information are important." *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 603 (9th Cir. 2020). To allege standing, a plaintiff must identify "embarrassing, invasive, or otherwise private information *collected* by" the defendant. *Popa*, 153 F.4th at 791 (emphasis added).

Given LinkedIn's further arguments that users voluntarily download browser extensions, which by their nature intentionally expose data to websites, it seems unlikely that the plaintiffs will ever be able to allege a privacy violation, much less prevail at the end of the day. But in an abundance of caution, dismissal is with leave to amend. Any amended complaint must be filed within 14 days of this order. If no amended complaint is filed by that deadline, dismissal will be with prejudice. Farrell's motion to consolidate (Dkt. No. 26) is denied as moot. But if both Farrell and Ganan amend their complaints, and if both manage to successfully state a claim, then the cases will be consolidated, Farrell will be the lead plaintiff, and Farrell's counsel will be interim class counsel.

**IT IS SO ORDERED.**

Dated: September 8, 2026

VINCE CHHABRIA
United States District Judge