J.R. HOWELL (State Bar No. 268086)
jr@lojrh.com
LAW OFFICE OF J.R. HOWELL
2219 Main Street
Suite 436
Santa Monica, CA 90405
Tel: (323) 897-8656

ATTORNEY FOR PLAINTIFFS JEFF GANAN, FAIRLINKED E.V., JAXX TECHNOLOGIES, INC., VENGRESO, INC., AND MARIO MARTINEZ

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF GANAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-02968-VC<br>Related Case No. 3:26-cv-02953-VC<br><br>**GANAN AND FAIRLINKED PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>Judge: Hon. Vince Chhabria<br>No hearing noticed |

Plaintiff Jeff Ganan and Plaintiffs Fairlinked e.V., Jaxx Technologies, Inc., Vengreso, Inc., and Mario Martinez oppose LinkedIn's motion to relate *Fairlinked*, No. 5:26-cv-10330, to these actions. [Ganan ECF No. 44]. LinkedIn has established no prerequisite for relation. Its motion omits the Sales Navigator antitrust issue at the center of Martinez's purchaser claims, substitutes selected detection allegations for substantial sameness of the actions, and asserts efficiencies and possible conflicts without identifying the work or determinations supporting those predictions.

## I. LinkedIn has not established substantial sameness.

Civil L.R. 3-12(a) requires both (1) substantially the same parties, property, transaction, or event; and (2) likely unduly burdensome duplication of labor and expense or conflicting results before different judges. Civ. L. R. 3-12(d)(2) requires the motion to state the relationship

under those criteria. LinkedIn's motion does neither one. LinkedIn is the only common named party across the three actions. No plaintiff is named in more than one action.

**1. LinkedIn omits the Sales Navigator purchaser transaction.** *Fairlinked* alleges that LinkedIn withdrew previously purchased embedded-profile functionality unless subscribers obtained Advanced Plus and its separately demanded software functions. Effective February 1, 2025, an existing connection became conditional on another purchase. Compl. ¶¶ 2, 90–101. Martinez alleges the deprivation of his paid entitlement. The purchaser class comprises direct Sales Navigator purchasers subjected to that condition. *Id*. ¶¶ 98–101, 415.

The retained embedded-profile connection is the tying product. The compulsory non-interoperability software is the tied product. *Id*. ¶ 649. The complaint expressly identifies subscription eligibility as the means of enforcing the condition. *Id*. ¶ 668. Class membership turns on subscription and entitlement records, not the collection practices challenged in *Ganan* and *Farrell*. *Id*. ¶ 419. The requested purchaser injunction restores the connection without compulsory software procurement or the challenged minimum-license condition. *Id*. ¶ 761.

LinkedIn's motion never addresses that transaction. Its account begins with paragraph 3's additional allegations about restrictions and detection, skipping paragraph 2's forced purchase. Its tying citations end at paragraphs 647–648, immediately before paragraph 649 identifies the two products. Mot. 2–3. Whether LinkedIn may condition continuation of a purchased connection on procuring separately demanded software is a controversy the *Ganan* and *Farrell* complaints do not present. Ganan and Farrell's classes concern LinkedIn use through Chrome. Neither requires a Sales Navigator purchase or withheld subscription entitlement. *Ganan* Compl. ¶¶ 138–139. *See also Farrell* Compl. ¶ 26. LinkedIn supplies no comparison establishing substantial sameness of those transactions—or any others, including how *Ganan* and *Farrell* compare to the corporate plaintiffs in *Fairlinked*.

**2. LinkedIn also omits the challenged supplier agreements and commercial injuries.** *Fairlinked* challenges joint-customer requirements, restrictions on separate charges, approval controls, and a partner route closed to new applicants. Compl. ¶¶ 129–140. It alleges restrictions

operating within authorized access, including conditions governing who may supply a function and on what commercial terms. *Id.* ¶ 159. Its writing-tool allegations include reusable text that retrieves no LinkedIn data and performs no autonomous account action. *Id.* ¶ 54. These allegations require adjudicating commercial obligations and competitive effects that the motion does not connect to substantially the same transaction or event in *Ganan* or *Farrell*.

LinkedIn fails to account for the commercial antitrust injuries at the core of the *Fairlinked* action. Consider Vengreso's claims: response expenditures, deterred purchases, and exclusion from supplying particular functions. *Id.* ¶¶ 162–185. Jaxx Technologies alleges revocation of development and support access and resulting business loss. *Id.* ¶¶ 186–191. LinkedIn's "Browsergate" label collapses distinct plaintiffs and commercial injuries without establishing substantial sameness of the pleaded transactions or events, disregarding the distinct antitrust and competition claims at issue. The other plaintiffs are tech companies and a Sales Navigator purchaser with a tying claim. LinkedIn's references to common counsel and the report's publisher do not establish "substantial sameness" as required by the rules.

Further, the original relation motion underscores the absent showing. At that time, LinkedIn identified two Chrome-user class actions sharing CDAFA, constitutional privacy, and intrusion claims. Ganan ECF No. 17-1 at 3–4. *Fairlinked* pleads antitrust claims and UCL claims predicated on the challenged competitive restraints. Compl. ¶¶ 459–752. Those claims require proof of purchase conditions, exclusionary agreements, market power, and competitive injury that LinkedIn's motion never compares with the claims in *Ganan* and *Farrell*.

In *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 3916304, at *1–2 (N.D. Cal. Aug. 24, 2008), the court denied relation despite overlapping patents and a potentially common antitrust event. That event might constitute "a portion of this case" but not "the substantial whole of this case." *Id.* Different procedural stages also reduced the prospect of undue duplication. *Id.* Here too, a shared detection mechanism does not establish that the actions concern substantially the same controversy.

## II. LinkedIn has not shown likely unduly burdensome duplication.

LinkedIn's second-element argument begins by assuming substantial overlap and asserting that the Court, parties, counsel, and witnesses will conserve resources. Mot. 3–4. Its reference to the Court's prior hearing and technical briefing establishes familiarity with allegations, but identifies no particular discovery or adjudication whose repetition would be unduly burdensome.

The purchaser claims require subscription records, entitlement changes, separate product demand, coercion, and attributable economic loss. The supplier claims require the challenged agreements, admission and enforcement decisions, competitive alternatives, market power, foreclosure, and transaction-specific business injury. Compl. ¶¶ 113, 225–369, 419, 440–448, 649–685. LinkedIn does not identify where *Ganan* or *Farrell* will adjudicate those questions. Conversely, it does not show how litigating *Ganan*'s allegations about device fingerprinting, persistent identifiers, and undisclosed third-party transmissions would resolve *Fairlinked*'s purchaser or commercial-agreement claims. Ganan Compl. ¶¶ 51–76. Nor does it explain why using some common technical materials before different judges would impose the undue burden the rule requires.

LinkedIn's motion is silent on the extensive differences in the factual inquiries and expert proof these different actions present. It does not explain how technical and privacy analysis of browser-based data collection would duplicate economic expert analysis of market definition, market power, foreclosure, and competitive injury.

The existing posture makes that omission consequential. Both privacy complaints were dismissed with leave to amend for lack of Article III standing. Amended Order 1–3, Farrell ECF No. 48. Ganan has elected to stand on his complaint and requested a final order for appeal. Ganan ECF No. 43. LinkedIn's motion, filed after Ganan's notice, does not address that election or identify remaining parallel district-court work requiring duplication. Ganan ECF No. 44. The possibility of an amended complaint or appellate remand supplies no substitute for explaining the proposed coordination's actual benefit.

## III. LinkedIn has not identified likely conflicting results.

LinkedIn asserts that different courts might reach conflicting results, but identifies no incompatible legal determination or operative command. Mot. 4. Its references to overlapping relief and related defenses are equally unspecified. *Id*. at 3.

Whether data collection was authorized does not determine whether a subscription condition unlawfully coerces a tied purchase. Whether a developer suffered competitive injury does not determine whether *Ganan* or *Farrell* suffered concrete harm from the challenged collection practices. The claims can yield different outcomes without conflicting results. LinkedIn never identifies the particular defense that would require incompatible answers.

The prayers likewise supply no identified conflict. *Ganan* seeks restrictions on probing, fingerprinting, and telemetry without lawful disclosure and authorization, together with limits on use and retention of collected information. Ganan Compl. ¶ 305. *Fairlinked* seeks relief from compulsory purchases and exclusionary commercial restraints, while preserving neutral controls against actual abuse. Compl. ¶¶ 758–763. Restoring an untied subscription entitlement and requiring lawful treatment of users' computer environments are compatible obligations. LinkedIn likewise identifies no conflict between *Farrell*'s requested injunction against the alleged unlawful practices and relief against compulsory Sales Navigator procurement. Farrell Compl., Prayer ¶ (e), at 18.

## IV. Conclusion

The motion should be denied because LinkedIn has not established the criteria under Civ. L.R. 3-12 for relating a newly filed antitrust case with two dismissed privacy actions.

Respectfully submitted,

J.R. HOWELL,
LAW OFFICE OF J.R. HOWELL

Date: September 15, 2026

By: */s/ J.R. Howell*
J.R. Howell (State Bar No. 268086)
*Attorney for Jeff Ganan, the Fairlinked Plaintiffs, and the Proposed Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on September 15, 2026. I further certify that Counsel for Defendant, LinkedIn Corporation, are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 15, 2026.

*/s/ J.R. Howell*
J.R. Howell (Cal. Bar No. 268086)